UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>   Jerome Reid,<br><br>                         Debtor. | Case No. 09-33035<br><br>Chapter 13 |
| Jerome Reid and Regina F. Reid,<br><br>                        Plaintiffs<br><br>v.<br><br>Wells Fargo Home Mortgage, Inc.<br>and Wells Fargo Bank, N.A.,<br><br>                        Defendants | Adv. Proceeding No. 10-50052 |

## MEMORANDUM-DECISION AND ORDER

On July 12, 2010, Jerome Reid, *pro se* debtor in the pending chapter 13 proceeding ("Debtor"), and his wife, Regina F. Reid, (together "Plaintiffs") commenced this adversary proceeding against Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank, N.A. (together "Wells Fargo" or "Defendants"). Plaintiffs' "Affidavit," docketed on July 13, 2010, requests an immediate hearing on the relief requested for a "Stay of all foreclosure and eviction orders" and, ultimately, seeks an order to "vacate foreclosure and eviction." Plaintiffs' papers further allege "discrimination and retaliation" and "fraudulent and predatory lending tactics" by Defendants. Wells Fargo filed written opposition to the Plaintiffs' motion (Document No. 7). The court scheduled and held a hearing on the Motion on shortened notice on July 27, 2010.

At the hearing, Plaintiffs appeared, as did the chapter 13 trustee, Mark Swimelar, by and through his counsel, Lynn Harper Wilson, Esq. On the record of the hearing, the court

1

summarized Mr. Reid's history of previous bankruptcy filings and litigation in the state and federal courts pertaining to the underlying real property located at 634 West Brighton Avenue, Syracuse, New York ("Property"), which is where Debtor has resided since 1997. For ease of reference, a timeline that summarizes the history of those proceedings is affixed as an appendix to this order.[1]

On March 18, 2010, this court granted Wells Fargo relief from stay to proceed with eviction proceedings as to the Property, which had previously been the subject of a state court Judgment of Foreclosure and Sale and had been purchased at auction by Wells Fargo. The order was made effective April 16, 2010, "to permit Debtor time to quit the Property and relocate with his dependants." Instead of timely filing an appeal of the March 18, 2010 order, Mr. Reid commenced a civil action in the United States District Court for the Northern District of New York on April 15, 2010, that, similar to the present action, sought to "vacate the judgment of foreclosure" and "stay the eviction."[2] After carefully weighing the standard for granting injunctive relief in the Second Circuit as enunciated in *D.D. Ex Rel. V.D. v. New York City Bd. Of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) and considering application of the *Rooker-Feldman* doctrine,[3] United States District Judge David N. Hurd in his Memorandum Decision and Order entered May 6, 2010, dismissed the Debtor's complaint with prejudice. Debtor appealed the decision to the Second Circuit, but since Debtor failed to timely comply with the Second

---

[1] The appendix is also affixed to a separate order that the court is entering this date in the main case, Case No. 09-BK-33035, which dismisses Mr. Reid's pending chapter 13 proceeding, his third bankruptcy proceeding filed in this court.

[2] In comparing the Debtor's allegations made before the United States District Court for the Northern District of New York in *Reid v. Wells Fargo Home Mortgage, Inc.*, No. 5:10-CV-449, Doc. No. 1, with the allegations made in this case, three of the five numbered paragraphs in this case (No. 10-AP-50052, Doc. No. 3 at ¶¶ 2, 3 and 4) are identical to the allegations made before the district court (No. 5:10-CV-449, Doc. No. 1 at ¶¶ 18, 19 and 24).

[3] The *Rooker-Feldman* doctrine, aptly named for the United States Supreme Court precedent which defined its parameters, precludes lower federal courts from exercising appellate jurisdiction over final state court judgments. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

Circuit's June 22, 2010 order, the appeal was dismissed effective July 13.[4] Instead of timely pursuing the appeal, on July 12, 2010, the Debtor commenced this adversary proceeding,[5] consonant with Judge Hurd's astute observation:

> Plaintiff has made the same claims regarding this property countless times from 2004 until the present. He has been turned down at every level, and instead of properly appealing decisions, he continues to simply file new cases, couching the facts and legal arguments in slightly different terms in an effort to get a different court to reverse the judgment of foreclosure and prevent the eventual eviction.[6]

As stated at the hearing, this court finds that the doctrine of *res judicata* precludes Plaintiffs from bringing the present action. *Res judicata* precludes relitigation of issues that were or could have been raised in a prior action when there has been a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* applies where: "(1) the previous action involved an adjudication on the merits;[7] (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

The court finds that all three elements of the doctrine are satisfied. As previously discussed, Mr. Reid commenced an action in the District Court against Wells Fargo on April 15, 2010. The claims asserted in this adversary proceeding, namely that there were defects in the foreclosure and eviction proceedings, are a subset of the claims that were before Judge Hurd. On May 6, 2010, the District Court issued a Memorandum Decision and Order denying injunctive

---

[4] *Reid v. Wells Fargo Home Mortgage, Inc.*, No. 5:10-CV-2435, (2d Cir. filed June 18, 2010) Doc. No. 5. The court notes that after the deadline of July 13 passed, Mr. Reid filed a motion on July 19, 2010 to proceed *in forma pauperis*. To the extent that the Second Circuit's June 22, 2010 order is not determined to be a final disposition of the appeal of Judge Hurd's decision, any further proceedings regarding the decision would properly be before the Circuit and not before this court.

[5] The Debtor also commenced a civil action in the District Court of Maryland which although styled as a "whistleblower's complaint" seeks identical relief with respect to a stay of eviction from the Property. *See Reid v. Wells Fargo Home Mortgage*, No. 1:10-CV-1853 (D. Md. filed July 8, 2010).

[6] *Reid v. Wells Fargo Home Mortgage, Inc.*, No. 5:10-CV-449 (N.D.N.Y. filed April 15, 2010) Doc. No. 9.

[7] In the event that the appeal is still considered pending, its pendency does not affect the preclusive effect of the judgment. *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003); *See also Antonious v. Muhammad*, 873 F.Supp. 817, 824 (S.D.N.Y. 1995).

3

relief and dismissing the complaint with prejudice. Mr. Reid's appeal was dismissed effective July 13, 2010. As such, *res judicata* precludes relitigation of the issues framed in the present complaint before the court.

Although this court never reaches the underlying issues, it would similarly find that the standard for granting injunctive relief has not been met by Plaintiffs and that the *Rooker-Feldman* doctrine precludes this court from reopening the final judgment of the state court.

Accordingly, for the foregoing reasons, the court denies the request for an injunction and shall dismiss Plaintiffs' complaint with prejudice. A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58(a), as incorporated by Federal Rule of Bankruptcy Procedure 7058.

So Ordered.

Dated: August 2, 2010          Hon. Margaret Cangilos-Ruiz
       Syracuse, New York      United States Bankruptcy Judge